SJM/ge
17587

Stanley J. Marks – State Bar #001833
Lissa Mascio – State Bar #025021
BEGAM, LEWIS & MARKS, P. A.
111 West Monroe Street, Suite 1400
Phoenix, Arizona 85003-1787
(602) 254-6071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLOTTE MARLIN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANNER HEALTH, an Arizona ) <br> Corporation d/b/a BANNER GOOD ) <br> SAMARITAN MEDICAL CENTER ) <br> ) <br> Defendant. ) | NO. <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, by and through undersigned counsel, alleges as follows:

I.

This declaratory action is brought pursuant to 28 U.S.C. §2201, based on federal question jurisdiction pursuant to 28 U.S.C. §1331.

II.

Plaintiff CHARLOTTE MARLIN is and was at all relevant times a resident of Maricopa County, Arizona.

BEGAM
LEWIS &
MARKS

A PROFESSIONAL
ASSOCIATION OF
LAWYERS

174993

III.

Defendant BANNER HEALTH d/b/a BANNER GOOD SAMARITAN MEDICAL CENTER is a corporation licensed to do and doing business in Maricopa County, Arizona.

IV.

Plaintiff is and was at all relevant times insured by Medicare through PacifiCare SecureHorizons – Arizona ("PacifiCare").

V.

On November 29, 2003, as a result of an automobile collision, Plaintiff was admitted to defendant hospital BANNER GOOD SAMARITAN MEDICAL CENTER.

VI.

Upon information and belief, Defendant billed Medicare and PacifiCare for the services rendered to Plaintiff.

VII.

Both Medicare and PacifiCare submitted payments directly to Defendant for the services rendered to Plaintiff.

VIII.

Medicare and PacifiCare both asserted medical liens against any settlement or judgment received by or on behalf of Plaintiff.

IX.

That Plaintiff settled her personal injury claim and from said proceeds satisfied the Medicare lien on September 6, 2006 and the PacifiCare lien on February 15, 2007.

X.

Defendant is now asserting a lien against Plaintiff for the balance of the bill for services rendered to Plaintiff in November and December 2003.

XI.

Providers who bill Medicare programs are not permitted to bill for the balance of services rendered.   42 U.S.C. §1395cc(a)(1) requires that Medicare providers file agreements "not to charge [except deductible or coinsurance amounts] any individual or other person for items or services for which such individual is entitled to have payments made under this subchapter."

XII.

Upon information and belief, Defendant also has a contract with Medicare and/or PacifiCare that precludes them from balance billing.

XIII.

Plaintiff has suffered serious financial harm as a result of Defendant's refusal to release her lien claim.

XIV.

An actual and justiciable controversy exists between the parties, making this case ripe for declaratory judgment under 28 U.S.C. §2201.  Plaintiff, therefore, is

174993                              -3-

entitled to a declaratory judgment that Defendant is not permitted under the Medicare statutes to legally hold a lien for the "balance bill."

**WHEREFORE**, Plaintiff prays for the following relief:

1) For an order declaring that Defendant's lien is invalid;

2) For the consequential damages resulting from the Defendant's failure to release the lien;

3) For Plaintiff's attorneys' fees and costs incurred herein, at the discretion of the Court; and

4) Such other relief to which Plaintiff may be entitled.

DATED this 22nd day of August, 2007.

BEGAM, LEWIS & MARKS, P. A.

By s/Stanley J. Marks
   Stanley J. Marks
   Lissa Mascio
   111 West Monroe Street, Suite 1400
   Phoenix, Arizona  85003-1787
   (602) 254-6071
   Attorneys for Plaintiff